929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lazaro ROSELL, Defendant-Appellant.
 No. 90-5208.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1991.
Decided April 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-89-34-01-7)
 William E. Martin, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Eric Evenson, Assistant United States Attorney, Raleigh, N.C., Thomas M. Gannon, United States Department of Justice, Washington, D.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lazaro Rosell appeals the judgment of the district court finding him guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846. He contends that the district court erred in allowing certain testimony into evidence. The district court's ruling is reviewed under an abuse of discretion standard. See United States v. MacDonald, 688 F.2d 224 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983).
 
 
 2
 The indictment alleged, among other acts, that on three separate occasions Rosell distributed a kilogram of cocaine to Allison Reaves in Miami, Florida, which Reaves transported back to Brunswick County, North Carolina. Reaves testified that he and Rosell, whom he knew as Pappy, became friends when Reaves was living in Key West, Florida. While Reaves was living in Florida, he said Rosell supplied him with 1 to 8 ounces of cocaine on several occasions which Reaves either used himself or sold to others. Reaves subsequently moved from Florida to coastal North Carolina where Reaves became friends with Allen Brooks. Brooks was a cocaine dealer whose supplier was David Preston. Some time after Reaves moved to North Carolina, the supplier of both Brooks and Preston ran out of cocaine. Upon learning this, Reaves suggested that they get their cocaine from his Florida supplier, Pappy. Brooks and Preston subsequently gave Reaves money which Reaves took to Florida on the three trips and purchased from Rosell the three kilograms of cocaine.
 
 
 3
 Reaves, Brooks, and Preston were later charged with criminal offenses and Reaves agreed to contact Rosell and attempt to buy 2 kilograms of cocaine. Several recorded phone calls were made between the two men in which they discussed the price and quantity of the purchase. Reaves flew to Florida accompanied by law enforcement agents. When Rosell met Reaves at the airport, the agents arrested Rosell.
 
 
 4
 Rosell claims that the district court abused its discretion in allowing Reaves to testify, on direct examination, that he told Brooks that Pappy was his Florida supplier. He contends that the statement was hearsay and that it does not fall within any of the exceptions to that rule. See Fed.R.Evid. 801, 802 & 803. Rosell argues that absent this statement, the possibility remained open that after Reaves's arrest, he had falsely identified Rosell as his supplier in order to protect the identity of Reaves's true supplier.
 
 
 5
 The government contends that the statement was not hearsay for several reasons. It says that the statement was not offered for the truth of the matter asserted, but only as background evidence, and that it was properly admitted as a coconspirator's statement pursuant to Fed.R.Evid. 801(d)(2)(E). The government also argues that because the declarant, Reaves, was subject to cross-examination that the statement is not hearsay.
 
 
 6
 We find that the statement could have been properly admitted because it was not offered for the truth of the matter asserted, but rather to explain why Brooks and Reaves subsequently flew down to Florida to meet Rosell and later purchased cocaine from him. See United States v. Love, 767 F.2d 1052, 1063 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986). Rosell contends that, in addition to the statement not being offered to prove something other than its truth, it was unfairly prejudicial. See United States v. Mancillas, 580 F.2d 1301, 1309-10 (7th Cir.), cert. denied, 439 U.S. 958 (1978). However, we note that in Mancillas, the declarant could not be cross-examined whereas Rosell did crossexamine Reaves. See 580 F.2d at 1310 n. 13. Also, independent of this factor, we find that the statement was not unfairly prejudicial to Rosell.
 
 
 7
 In addition, we find that the statement could have been properly admitted as a coconspirator's statement made during the course and in furtherance of the conspiracy. See Fed.R.Evid. 801(d)(2)(E). Rosell contends that the government failed to prove that at the time Reaves made the statement he was part of the conspiracy. However, we find that the government presented sufficient evidence to establish that Reaves had joined the conspiracy of Brooks and Preston. See United States v. Leavis, 853 F.2d 215, 219-20 (4th Cir.1988); United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.), cert. denied, 484 U.S. 969 (1987); United States v. Jackson, 757 F.2d 1486, 1490 (4th Cir.), cert. denied, 474 U.S. 994 (1985).
 
 
 8
 Finally, we find that had any error occurred in the admission of the statement, it would have been harmless. See Kotteakos v. United States, 328 U.S. 750 (1946). Allen Brooks testified that Reaves made the same statement. Rosell objected to that testimony at trial but has not raised that issue on appeal. Therefore, we find that the admission of Reaves's testimony on this point did not substantially affect the judgment. See Kotteakos, supra.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.